**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PETER KRAEMER and CHARMAINE KRAEMER,

Plaintiff,

v.

CROIX MANAGEMENT COMPANY; JOHN DOE, Owner of Turtle Lake Villas; and MARGE ALDEN,

Defendants.

Civil No. 02-284 (JRT/SRN)

**ORDER**

---

Peter Kraemer and Charmaine Kraemer, Box 83, Comstock, Wisconsin 54826, plaintiffs pro se.

Robert E. Kuderer, JOHNSON & CONDON, P.A., Financial Plaza, 7235 Ohms Lane, Minneapolis, MN 55439, for defendants Croix Management and Marge Alden.

Plaintiffs Peter and Charmaine Kraemer filed this action against Croix Management Company ("Croix"), Marge Alden ("Alden"), and John Doe, owner of Turtle Lake Villas, LLC ("John Doe"). Defendants manage (Croix and Alden) and own (John Doe) the apartment complex in which plaintiffs resided. The case is before the Court on the plaintiffs' motion for default judgment against John Doe, pursuant to Rule 55 of the Rules of Civil Procedure, and/or judgment on the pleadings, under Rule 12.

FILED NOV 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

## BACKGROUND

Plaintiffs moved into Turtle Lake Villas ("Turtle Lake") in early October 1999. Plaintiffs qualified for tax credits, and provided information documenting their income qualifications to Turtle Lake. Plaintiffs lived in relative tranquility for some time, but in March 2000 they claim they began to receive copies of parts of the tenant application they had previously completed. According to plaintiffs, management repeatedly asked them to sign and return parts of the application; these requests were so frequent that they became menacing. Plaintiffs complain that management harassed them in other ways; for instance, maintenance workers appeared at plaintiffs' home and demanded immediate access to the home, and their garage was accessed without permission. Plaintiffs claim that this harassment continued at least through January 2001.

Plaintiffs' lawsuit asserts diversity jurisdiction and alleges harassment, breach of contract, extortion, conspiracy, and intentional infliction of emotional distress. Plaintiffs seek compensatory and punitive damages in excess of $175,000.

Plaintiffs assert that John Doe, owner of Turtle Lake, was served with process in accordance with Rule 4(c) and (e)(2) of the Rules of Civil Procedure. Specifically, they claim that process was served on Linda Udberg, an administrative coordinator for defendants Croix and Alden. Plaintiffs note that Croix and Alden, on behalf of Turtle Lake filed a complaint against them in Polk County, Wisconsin. These facts, plaintiffs argue, demonstrate that Croix is essentially an alter ego for Turtle Lake, and therefore John Doe has been properly made a party to this lawsuit. Plaintiffs claim that John Doe is in default because he has not answered within the requisite time.

## ANALYSIS

### I. Default Judgment

The Rules of Civil Procedure provide for two types of default judgment. One is entered by the clerk of court (Rule 55(b)(1)), and the other is entered by the Court (Rule 55(b)(2)). While a 55(b)(1) judgment can be entered as a matter of course, this Court has discretion to enter, or refuse to enter, a 55(b)(2) judgment. Fed. R. Civ. P. 55. The Court must have jurisdiction over the defaulting party in order to properly enter a default judgment, which may be entered only if the defendant has been made party to the action by service of process. *Dedco, Inc., v. American Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993) (citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 77-78 (8th Cir. 1963)); 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3rd ed. 1998).

### II. Service of Process

Because this Court lacks jurisdiction over defendants who have not properly been served, *Dedco*, 7 F.3d at 1388, the Court must determine whether plaintiff effectively served John Doe.

Plaintiffs claim handing a copy of the summons and complaint to Linda Udberg, an administrative coordinator for Croix, effectuated service on John Doe. Defendants Croix and Alden argue that plaintiffs' attempted service was ineffective. They assert that neither Croix nor Alden was authorized to accept service on behalf of Turtle Lake and further that there is no affidavit of service purporting to establish the requisite service.

In addition, defendants Croix and Alden submit the affidavit of Tim Nolde,[1] owner of Turtle Lake, which states that Nolde has not been served with process, and that he is not aware that any attempts have been made to serve Turtle Lake. Defendants also argue that default judgments cannot be had against fictitious "John Doe" defendants.

The Court finds that service was not effective on the John Doe defendant. When serving process on a corporation, the Rules of Civil Procedure require that service be made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . . " Fed. R. Civ. P. 4(h)(1). Wisconsin courts define the term "managing agent" as "a person possessing and exercising the right of general control, authority, judgment, and discretion over the business or affairs of the corporation . . . ." *Carroll v. Wisconsin Power & Light Co.*, 79 N.W.2d 1, 3 (Wis. 1956). Minnesota courts define the term similarly: those agents who "have charge and control of the business activities of the corporation or of some branch or department thereof, and who, in respect to the matters entrusted to them are vested with powers requiring the exercise of an independent judgment and discretion." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).

Plaintiffs have not shown that Croix or Alden was authorized to accept service for Turtle Lake. Plaintiffs also failed to show that Udberg, the administrative coordinator with whom the summons and complaint were left, was a managing or general agent, or was an agent authorized to accept service for Turtle Lake. Thus, service was not effective on the John Doe defendant.

---

[1] Apparently, Tim Nolde is the true name of defendant "John Doe."

The Federal Rules provide that service must be made within 120 days of filing the complaint. The complaint in this case was filed January 31, 2002, and therefore service of process was required by the end of May. Where process has not been made within 120 days, Rule 4(m) allows the Court, on its own initiative, to direct that service be effected within a specified time. As such, the Court directs that plaintiffs serve the John Doe defendant no later than December 15, 2002. Failure to serve the defendant by that time will result in the dismissal of the action as to the John Doe defendant.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for default judgment against John Doe [Docket No. 9] is **DENIED**.

2. Plaintiffs shall properly serve defendant John Doe, the owner of Turtle Lake Villas, LLC, no later than December 15, 2002 or the Court will dismiss John Doe as a defendant.

DATED: November 21, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge